ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Petition of -- | ) |
| | ) |
| Anwar Alsabah Company | ) ASBCA No. 59737-957 |
| | ) |
| Under Contract No. CERPUSDS9000097 | ) |

APPEARANCE FOR THE PETITIONER:     Mr. Samir Homodi
    Owner

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
    Army Chief Trial Attorney
    CPT M. Aaron Lee, JA
    Trial Attorney

### OPINION BY ADMINISTRATIVE JUDGE STEMPLER

Pursuant to Board Rule 1(a)(5), Anwar Alsabah Company (Anwar) petitions the Board to direct the contracting officer to issue a decision on its request for payment. We dismiss the petition for lack of jurisdiction because Anwar has failed to establish that it submitted a properly certified claim to the contracting officer as required under the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7101-7109.

### STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE PETITION

1. By email dated 12 December 2014, Anwar filed the instant petition, stating: "I have ask payment or final decision but the [contracting officer] in Closout [sic] did not write a decision. Please I want a decision contracting Officer." Anwar attached multiple documents, including a purported "MEMORUNDOM [sic] OF AGREEMENT" between Anwar and the government for the purchase of seven vehicles for the Provincial Council Chairman of Wasit Province, Iraq, and a 3 September 2010 invoice seeking payment of $791,000 for the provision of said vehicles. Anwar's email to the Board also forwarded a series of December 2014 email communications between Anwar and Ms. Amy Samberg, a contract specialist at the Army Contracting Command, Reachback Closeout Division in Rock Island, Illinois. Anwar's initial submission to the Board did not include a certification pursuant to the CDA, 41 U.S.C. § 7103(b).[1]

2. By order dated 16 December 2014, the Board directed the government to either show cause why an order directing the contracting officer to issue a final decision should not be issued or to indicate when a decision would be issued.

---

[1] The Board has not been advised that petitioner is alleging that the Board has jurisdiction of this matter under any bases other than the CDA.

3. The government responded by letter dated 6 January 2015, requesting that it not be ordered to issue a contracting officer's final decision in this matter. The government first maintained that the purported contract appeared to be a Commanders' Emergency Response Program (CERP) agreement. The government asserted, without citation or argument, that the CERP agreement is not a procurement contract under the CDA, and thus no final decision was required. The government further questioned the authenticity of the purported agreement, and argued that petitioner is not a contractor as defined in the CDA because no contract was awarded.

4. By order dated 8 January 2015, the Board informed petitioner that the Board's authority to direct a contracting officer to issue a decision on a contractor's claim derives from section 7103(f)(4) of the CDA, and directed petitioner to provide such evidence as is necessary to support the assertion that a proper claim was submitted pursuant to the CDA.

5. In response to the Board's 8 January 2015 order, Anwar submitted multiple documents by email on 19 January 2015. In addition to documents it had previously submitted with its 12 December 2014 petition, Anwar's 19 January 2015 submission included a 3 December 2014 CDA claim certification that cited "Contract no. CERPUSDS9000097."

6. In a 23 January 2015 order, the Board informed petitioner that it was unclear from the record which document or documents were petitioner's claim, whether the 3 December 2014 certification related to any particular claim, and whether the certification or any claim was submitted to a contracting officer. The Board therefore directed petitioner to "provide (1) a copy of the claim documents that it submitted to the contracting officer, including any certification; (2) evidence that the claim and any certification were actually submitted to a contracting officer; and (3) evidence of the date of claim submittal."

7. Anwar responded by letter dated 27 January 2015, stating that it had submitted its invoice and a copy of the alleged contract to Ms. Samberg on 11 December 2014, and further stating that "[t]his was the pay claim." Anwar also submitted a copy of the 11 December 2014 email correspondence between it and Ms. Samberg that indicated that two documents were attached thereto.

8. By order dated 28 January 2015, the Board directed the government to provide copies of the 11 December 2014 email correspondence, including attachments, and any other relevant correspondence between the parties.

9. The government submitted two sets of correspondence by letter dated 12 February 2015. The government submitted copies of email correspondence between petitioner and the United States Army Corps of Engineers (Corps), dated 9 December 2014 through 11 December 2014, in which the Corps directed petitioner to Ms. Samberg after Anwar

2

sought payment from the Corps under the alleged contract. The government also submitted copies of the 11 December 2014 email correspondence between petitioner and Ms. Samberg in which Anwar requested a contracting officer's decision. Both sets of correspondence included as attachments a copy of the purported vehicle contract, a purported notice to proceed, a 3 September 2010 memorandum purporting to establish Anwar's delivery of the vehicles, and Anwar's 3 September 2010 invoice. The government's 12 February 2015 submission did not include Anwar's 3 December 2014 claim certification.

## DISCUSSION

The CDA provides that a contractor "may request the tribunal concerned to direct a contracting officer to issue a decision in a specified period of time, as determined by the tribunal concerned, in the event of undue delay on the part of the contracting officer." 41 U.S.C. § 7103(f)(4). Board Rule 1(a)(5) implements this provision of the CDA, and provides that "[i]n lieu of filing a notice of appeal under paragraph (a)(1) or (a)(2) of this Rule, the contractor may petition the Board to direct the contracting officer to issue a decision in a specified period of time as determined by the Board."

The Board's authority to issue an order pursuant to Board Rule 1(a)(5) "presupposes jurisdiction under the CDA." *Ironhorse Ltd.*, ASBCA No. 56455-920, 09-1 BCA ¶ 34,096 at 168,590 (citing *Charitable Bingo Assocs., Inc., d/b/a Mr. Bingo*, ASBCA No. 52999-883, 01-1 BCA ¶ 31,194 at 154,024). The Board's jurisdiction pursuant to the CDA over a contractor's claim is predicated upon the contractor's submission of its claim in writing to the contracting officer for a decision. 41 U.S.C. § 7103(a); *Commissioning Solutions Global, LLC*, ASBCA No. 59007-945, 14-1 BCA ¶ 35,523 at 174,107. Additionally, contractor claims exceeding $100,000 must be certified in accordance with 41 U.S.C. § 7103(b) to be considered proper claims. *Mawaraa AlBihar Co.*, ASBCA No. 58585, 13 BCA ¶ 35,426 at 173,783. The complete absence of a certification where required deprives the Board of jurisdiction and cannot be corrected during proceedings before the Board. *See Abdul Ahad Khadim Constr. Co.*, ASBCA No. 59206, 14-1 BCA ¶ 35,694 at 174,766 ("The complete absence of any certification is not a defect which may be corrected under the CDA for the Board to retain jurisdiction."); *CDM Int'l, Inc.*, ASBCA No. 52123, 99-2 BCA ¶ 30,467 at 150,514 ("A 'claim' exceeding $100,000 not accompanied by any certification precludes the Board from exercising jurisdiction."). Anwar, as the party seeking to invoke the Board's jurisdiction, bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993); *Lobar, Inc.*, ASBCA No. 59178, 14-1 BCA ¶ 35,584 at 174,365.

Anwar's 12 December 2014 petition seeks a contracting officer's decision on a request for payment under the purported contract, and included a copy of a 3 September 2010 invoice seeking payment of $791,000 (SOF ¶ 1). Anwar's 9 December 2014 through 11 December 2014 email correspondence with the government likewise sought payment under the purported contract and provided the government with copies of the 3 September

3

2010 invoice (SOF ¶ 9). Anwar's $791,000 payment request exceeds $100,000, and accordingly was required to be certified in accordance with the CDA. 41 U.S.C. § 7103(b). Although the record contains a 3 December 2014 CDA claim certification (SOF ¶ 5), the certification was not provided as an attachment to its 9 December 2014 through 11 December 2014 email communications with the government (SOF ¶ 9). Nor has Anwar provided any evidence that the 3 December 2014 certification was otherwise provided to a contracting officer in connection with its payment request. Anwar's failure to establish that it submitted a properly certified claim to a contracting officer deprives the Board of jurisdiction to entertain the instant petition. *Production Corp.*, ASBCA No. 49122-812, 96-1 BCA ¶ 28,181 at 140,669, *aff'g on recon.*, 96-1 BCA ¶ 28,053.

## CONCLUSION

Anwar has failed to establish that it submitted a properly certified claim to a contracting officer for a decision. Accordingly, the petition is dismissed for lack of jurisdiction.[2]

Dated: 3 March 2015

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

DIANA S. DICKINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] Because we dismiss the petition for lack of jurisdiction due to Anwar's failure to prove that it submitted a properly certified claim in accordance with the CDA, we do not reach the arguments raised by the government in its 6 January 2015 letter.

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59737-957, Petition of Anwar Alsabah Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
